**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5593-17T4

MAURICE ANDERSON,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted May 6, 2020 – Decided May 20, 2020

Before Judges Fuentes and Mayer.

On appeal from the New Jersey Department of Corrections.

Maurice Anderson, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane Schuster, Assistant Attorney General, of counsel; Tasha Marie Bradt, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Maurice Anderson, currently an inmate at South Woods State Prison, appeals from a New Jersey Department of Corrections (DOC) final agency decision affirming a finding of guilty for the following prohibited acts: *.002, assaulting any person; *.708, refusal to submit to a search; and *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility. He also appeals from the resulting sanctions imposed. We affirm.

The disciplinary charges against Anderson arose when an officer was frisking inmates entering the prison's recreation yard. The officer noticed Anderson attempted to enter the yard without being searched. When the officer asked Anderson to tuck in his shirt to be frisked, Anderson refused. Anderson told the officer, "I don't tuck my shirt in for anyone" and stated "you're not putting your hands on me playa." Anderson then spun around and struck the officer in the face with a closed fist.

Several officers attempted to subdue Anderson, which caused him to resist. The officers used pepper spray, but Anderson continued to struggle. An emergency response team within the correctional facility was called to take control of the situation and restore order. Anderson continued to fight the officers by kicking and pushing himself off the floor. The response team

eventually handcuffed Anderson and took him to the infirmary for a medical evaluation.

Anderson was issued disciplinary charges for prohibited acts *.002, *.708, and *.306. After the charges were served, the DOC staff investigated and referred the matter to a hearing officer.

The disciplinary hearing was postponed several times to accommodate Anderson's request to confront the officers involved in the incident and have them submit to a polygraph. Anderson pleaded not guilty to all three charges and received the assistance of counsel substitute prior to the hearing.

At the hearing on May 14, 2018, Anderson and his counsel substitute were afforded an opportunity to make a statement. Anderson's counsel claimed the officer provoked Anderson by uttering a racial slur and therefore Anderson's reaction was justified. Anderson provided a written summation to the hearing officer in lieu of making a personal statement. In addition, Anderson was permitted to offer witness statements on his behalf, but he declined to do so. Anderson confronted and cross-examined adverse witnesses through written questions provided to the hearing officer. Anderson's request for a polygraph examination of the officers involved in the incident was denied by the hearing

A-5593-17T4

officer as Anderson's "disciplinary report and supplemental evidence support[ed] the charge."

Based on the evidence, the hearing officer found Anderson guilty of prohibited acts *.002, *.708, and *.306. In addition to the testimony of the witnesses, the hearing officer reviewed the videotape of the recreation yard on the date of the incident. The hearing officer explained the videotape showed Anderson attempting to enter the recreation yard without being frisked. In accordance with the correctional facility's procedure, the videotape depicted the officer "call[ing] [Anderson] back to be frisked," and then Anderson "turn[ing] and str[iking]" the officer in the face.

The hearing officer imposed the maximum sanctions of 365 days administrative segregation, 365 days loss of commutation time, and 180 days loss of recreational privileges for the three charges combined. In support of the sanctions, the hearing officer explained Anderson's behavior "resulted in a code and [institution-wide] cancellations" of recreation movement. He found Anderson assaulted one officer and, by remaining combative, endangered other officers who responded to the incident. In addition, the hearing officer stated Anderson was non-compliant with well-known procedures within the correctional facility.

A-5593-17T4

Anderson filed an administrative appeal from the hearing officer's determination. In upholding the hearing officer's decision, the Assistant Superintendent found "[t]here was no misinterpretation of the facts" as "[v]ideo of the incident clearly shows [Anderson] striking the officer in the face while he was attempting to conduct a pat search." The Assistant Superintendent explained Anderson's "actions were impulsive and this type of behavior will not be tolerated." This appeal followed.

On appeal, Anderson argues his rights were violated, the guilty finding was not supported by the evidence, and the sanctions imposed were excessive.

Our review of an agency determination is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We will not reverse an administrative agency's decision unless it is "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." Ibid. (omission in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). In determining whether an agency action is arbitrary, capricious, or unreasonable, we consider whether: (1) the agency followed the law; (2) substantial evidence supports the findings; and (3) the agency "clearly erred" in "applying the legislative policies to the facts." In re Carter, 191 N.J. 474, 482-83 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)). "'Substantial evidence' means 'such evidence

as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa v. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

Prison disciplinary hearings are not part of a criminal prosecution, and the full spectrum of rights due to a criminal defendant does not apply. Avant v. Clifford, 67 N.J. 496, 522 (1975). However, when reviewing a DOC determination in a matter involving prisoner discipline, we consider not only whether there is substantial evidence that the inmate committed the prohibited act, but also whether, in making its decision, the DOC followed regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995).

Having reviewed the record, we are satisfied there is sufficient credible evidence in the record supporting the DOC's final decision. The videotape of the incident shows Anderson refusing to be searched prior to entering the recreation yard and then striking the officer in the face with a closed fist. In responding to the incident, the orderly operation of the correctional facility was disrupted until Anderson was subdued. Based on the videotape evidence and testimony, there is a substantial basis in the record for the guilty finding against Anderson for each of the prohibited acts.

A-5593-17T4

Anderson also contends he was not afforded all the process due to inmates. We disagree. Anderson was not prohibited from calling witnesses or presenting witness statements. Anderson had an opportunity to confront and cross-examine adverse witnesses and did so. In addition, Anderson reviewed the adjudication reports and all evidence presented to the hearing officer. The signature of Anderson's counsel substitute on the adjudication reports indicated the information contained in the reports accurately reflected the hearing proceeding. Thus, we are satisfied Anderson received all the process an inmate is due.

Anderson also argues the sanctions imposed were excessive and amounted to cruel and unusual punishment in violation of his Eighth Amendment rights. We disagree. The sanctions imposed for each of the prohibited acts on which Anderson was found guilty fell within the range of potential disciplinary action established under the New Jersey Administrative Code and therefore were proper.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5593-17T4